# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

DANIEL DUNN, )
)
          Plaintiff, )
)
      v. )  Case No. 4:20-cv-193
)
) (Removed from the Circuit Court of Clay
FORD MOTOR COMPANY, ) County, Missouri; No. 20CY-CV01671)
)
and )
)
"MALE NURSE" (NAME UNKNOWN) )
)
         Defendant. )

---

## DEFENDANT'S NOTICE OF REMOVAL

---

TO THE CLERK OF THIS COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant Ford Motor Company ("Ford" or "Defendant"), by and through its undersigned counsel of record and pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, hereby removes to this Court the state court action originally commenced in the Circuit Court of Clay County, Missouri styled *Daniel Dunn v. Ford Motor Company,* Case No. 20CY-CV01671. Ford removes this case on grounds of federal question and diversity jurisdiction.

**PLEASE TAKE FURTHER NOTICE** that a copy of this Notice of Removal is being served upon all other parties and is also attached to the Notice of Removal of Action to Federal Court being filed with the Clerk of the Circuit Court of Clay County, Missouri.

In support of removal, Defendant avers as follows:

1.      Plaintiff Daniel Dunn ("Plaintiff") filed an action styled *Daniel Dunn v. Ford Motor Company,* Case No. 20CY-CV01671, in the Circuit Court of Clay County, Missouri, on February 3, 2020.  As required under § 1446(a), copies of all process, pleadings and orders served on Defendant are attached as Exhibit 1.

2.      Plaintiff purports to assert claims against Defendant under the Missouri Human Rights Act ("MHRA") for hostile work environment on the basis of race (Count I) and sex (Count II), and for race discrimination pursuant to 42 U.S.C. § 1981 (Count III), arising from a single event occurring at Ford's Kansas City Assembly Plant, where Plaintiff is employed.  Pet. ¶¶ 20-75, included with Exhibit 1. Plaintiff's Petition filed in Clay County also asserts a claim of battery against an unnamed Ford employee (Count IV).

3.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction or, alternatively, pursuant to 28 U.S.C. § 1332, diversity of citizenship.

4.      The undersigned counsel is authorized by Defendant to file this Notice of Removal and is a member of the Bar of this Court.

5.      Pursuant to the rules of this Court, Defendant submits herewith a filing fee of $400.00.

## PROCEDURAL STATEMENT

6.      On February 14, 2020, Plaintiff served Ford with Plaintiff's Summons and Petition for Damages ("Petition") through CT Corporation.  Therefore, this Notice of Removal has been timely filed within 30 days of service pursuant to 28 U.S.C. § 1446(b).  *See Murphy*

2

*Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

7.  This removal does not require consent of any other defendant as the only other defendant, "Male Nurse (Name Unknown)", has not been identified nor served.  *See* 28 U.S.C. § 1446(b)(2)(A); *Garner v. Union Pacific RR Co.*, No. 4:15cv00733, 2015 WL 7352281, at *4 (E.D. Mo. Nov. 20, 2015) (removing defendant not required to obtain consent from defendant sued under fictitious name, such as a "John Doe").

8.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Petition, including exhibits thereto, are attached hereto as <u>Exhibit 1</u>.  Defendant has not yet answered the Petition.

9.  Pursuant to 28 U.S.C. § 1441(a), venue in the United States District Court for the Western District of Missouri, Western Division, is proper because the district and division embrace the Circuit Court of Clay County, where this action is currently pending.

10.  Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal in the Circuit Court of Clay County and give written notice of the removal to the Plaintiff.

**FEDERAL JURISDICTION BASED ON FEDERAL QUESTION**

11.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings a claim under federal law and there is supplemental jurisdiction over Plaintiff's state law claims.

12.  In particular, Plaintiff brings a claim of race discrimination under 42 U.S.C. § 1981.  *See* Pet. ¶¶ 67-75.  As this claim arises under federal law, this Court has original jurisdiction over it.  *See* 28 U.S.C. § 1441(c).

3

13.     This Court has discretion to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, as they are closely related to the § 1981 claim, are based upon the same factual bases and form part of the same case or controversy.  *See* 28 U.S.C. § 1367(a); Pet. ¶¶ 36-79 (all counts incorporate same factual allegations).

## FEDERAL JURISDICTION BASED ON DIVERSITY

14.     Alternatively, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity among the properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

15.     According to the Petition, Plaintiff is a citizen of Missouri, currently residing in Kansas City, Jackson County, Missouri.  Pet. ¶ 2.  Accordingly, Ford alleges and avers that Plaintiff is a citizen of the State of Missouri, including at the time she commenced this action and at the time of removal.

16.     Ford is incorporated under the laws of Delaware, Pet. ¶ 3, with its principal place of business in the State of Michigan, where it is headquartered.

17.     Thus, pursuant to 28 U.S.C. § 1332(c)(1), Ford is citizen of Delaware and Michigan, including at the time this action was commenced and at the time of removal.  Ford is not a citizen of Missouri.

18.     The Petition does not identify the Defendant "Male Nurse" or identify his citizenship.   However, "[p]ursuant to 28 U.S.C. § 1441(b)(1), the Court disregards the citizenship of the John Doe Defendants."  *Noble v. Ozborn-Hessey Logistics*, No. 4:14-CV-01149-NKL, 2015 WL 852392, at *3 (W.D. Mo. Feb. 26, 2015).[1]

---

[1] In the event that Plaintiff identifies the defendant "Male Nurse," and if his citizenship is alleged to be non-diverse, Ford reserves the right to assert that Plaintiff has fraudulently joined this alleged employee as an individual defendant in an effort to destroy diversity; as a result his citizenship should be ignored, in any event. *See,*

19.     Therefore, complete diversity exists between Plaintiff and Defendant Ford, the only parties at issue.  28 U.S.C. § 1332(a)(1).

20.     Although Plaintiff does not plead a specific amount of damages, the amount in controversy exceeds $75,000, exclusive of interest and costs.

21.     To satisfy the amount in controversy requirement, the "removing party need not prove that 'the damages *are* greater than the requisite amount,' but that 'the claims … could, this is *might*, legally satisfy the amount in controversy requirement." *Jarrett v. Henkel Corp.*, No. 4:15-cv-0832, 2016 WL 407301, *1 (W.D. Mo. February 2, 2016) (citing *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005)) (second emphasis added).

22.     In addition to compensatory damages, punitive damages and attorney fees authorized by a state statute are counted towards the amount in controversy.  *Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Jarrett*, 2016 WL 407301, *1.

23.     Here, Plaintiff's alleged damages include actual damages, compensatory damages, damages for emotional distress, equitable relief including front pay and injunctive relief, and punitive damages.  Pet. pp. 6, 8.  Plaintiff also seeks "reasonable attorney's fees and costs."  *Id*. Attorneys' fees and punitive damages are recoverable under Mo. Rev. Stat. § 213.111.2; *see also Jarrett*, 2016 WL 407301, *2.

24.     In cases brought under the MHRA, compensatory damages alone have exceeded $75,000, as have attorney fee awards.  *See Jarrett*, 2016 WL 407301, *2 ("Defendants have cited several MHRA cases in which compensatory damages alone exceeded $75,000, and several other MHRA cases where the attorneys' fees award exceeded $75,000."); *Ellison v. O'Reilly*

---

(continued…)

*e.g. Wilson v. Republic Iron & Steel Co.* 257 U.S. 92, 97 (1921) (right of removal "cannot be defeated by fraudulent joinder of a resident").

*Automotive Stores, Inc.*, 463 S.W.3d 426, 441 (Mo. App. 2015) ($200,000 compensatory damages). Although now subject to a $500,000 cap for an employer the size of Ford, punitive damages awards have also exceeded $75,000. *See Ellison*, 463 S.W.3d at 441 ($2,000,000 punitive damages).

25. Here, if Plaintiff is successful, an award of actual damages, compensatory damages and attorneys' fees could (or "might") easily exceed the $75,000 threshold, not to mention punitive damages. As a result, the amount in controversy certainly exceeds the minimum $75,000 threshold.

## CONCLUSION

26. Because Plaintiff brings a claim which arises under federal law, this Court has original jurisdiction over this action. *See* 28 U.S.C. § 1331. Alternatively, this Court has diversity jurisdiction. *See* 28 U.S.C. § 1332. As a result, this action is removable pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, §1332, 1441 and 1446, Defendant respectfully removes to federal court the above-captioned civil action, which is currently pending in the Circuit Court of Clay County, Missouri.

6

Dated: March 13, 2020                    Respectfully submitted,

**BERKOWITZ OLIVER LLP**

By:_____/s/ Kathleen M. Nemechek_____
    Kathleen M. Nemechek, MO Bar # 50139
    Megan D. Costello, MO Bar # 68862
    2600 Grand Boulevard, Suite 1200
    Kansas City, Missouri 64108
    Telephone:  (816) 561-7007
    Facsimile:  (816) 561-1888
    knemechek@berkowitzoliver.com
    mcostello@berkowitzoliver.com

**Attorneys for Defendant Ford Motor Company**

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2020, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system.  I hereby certify that I have also mailed by United States Postal Service the foregoing document to the following:

Marc N. Middleton
Cornerstone Law Firm
8350 N. St. Clair Ave., Ste 225
Kansas City, Missouri 64151
Telephone:    (816) 581-4040
Facsimile:    (816) 741-8889
m.middleton@cornerstonefirm.com

*Attorneys for Plaintiff*

/s/ Kathleen M. Nemechek_____
*Attorney for Defendant*